IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | CR. No. C-06-759 (1) |
| | § | |
| HECTOR D. MANRIQUE. | § | |

**MEMORANDUM OPINION AND ORDER**
**FINDING NOTICE OF APPEAL TIMELY FILED,**
**APPOINTING COUNSEL ON APPEAL, AND**
**RETURNING CASE TO THE FIFTH CIRCUIT COURT OF APPEALS**

On July 20, 2007, the Clerk of this Court received an order from the Fifth Circuit dated July 12, 2007. (D.E. 38.) In it, the appellate court remanded the case to this Court to determine whether Hector D. Manrique's ("Manrique") notice of appeal should be deemed timely filed under Fed. R. App. P. 4(b). (D.E. 38 (citing Fed. R. App. P. 4(b)(4), which allows a district court to grant an additional thirty days beyond the ten-day period for appealing, with or without motion and notice, upon a finding of "excusable neglect or good cause.").) In its order of remand, the Fifth Circuit noted that, to be timely, Manrique's notice of appeal had to be filed on or before March 27, 2007, but that his *pro se* pro notice of appeal is dated April 3, 2007, was postmarked April 4, 2007, and was received by the district court on April 5, 2007. (D.E. 38 at 1.)

This Court signed an order on September 13, 2007, instructing Manrique to provide a sworn statement explaining why his notice of appeal was not timely filed. (D.E. 40.) On October 18, 2007, the Clerk received Manrique's sworn declaration. (D.E. 43.) In it, he testifies that, at the time of sentencing, he told his attorney of record, appointed counsel

Randall Barrera, that he wanted to appeal. He claims that Mr. Barrera did not contact him until fifteen days later and then simply mailed him "miscellaneous paperwork." (D.E. 43 at ¶ 7.)

He further avers that he then contacted a different attorney, "Michel Villarreal" and asked her to take care of his appeal. According to Manrique, "Ms. Villarreal said that she was going to send Mr. Barrera the paperwork to relieve himself from [Manrique's] case." She then sent him "the appeal paperwork to fill-out and return to her," which he claims he did.[1] (D.E. 43 at ¶ 8.)

Because Manrique's notice of appeal was filed within the 30-day window specified in Fed. R. App. P. 4(b), this Court can grant his motion for extension of time upon finding excusable neglect or good cause. In his sworn declaration, Manrique essentially argues that he is entitled to an extension because Mr. Barrera failed to file an appeal as he requested. The Fifth Circuit has plainly recognized that an attorney's failure to file an appeal pursuant to a defendant's request would be ineffective assistance of counsel and would thus constitute excusable neglect for filing of untimely appeal. United States v. Clark, 193 F.3d 845 (5th Cir. 1999). As in another Fifth Circuit case relied upon and discussed in Clark, if the facts as alleged by Manrique are true, his attorney here did not file a notice of appeal,

---

[1] Manrique's notice of appeal arrived in an envelope with his address as the return address, and it was addressed directly to the Court. Moreover, the notice of appeal itself states that it is being filed "pro se." Thus, the record in this case does not support Manrique's assertion that his notice of appeal was filed by and through Ms. Villarreal.

nor did he seek to withdraw.  See Clark, 193 F.3d at 847 (discussing United States v. Bergeron, 74 F.3d 1238 (5th Cir. 1995)).

For the foregoing reasons, the Court finds that good cause or excusable neglect exists for Manrique's late notice of appeal.  Accordingly, his *pro se* notice of appeal should be deemed timely.  The instructions from the Fifth Circuit are that this Court should make the required determination and then return the case to the Fifth Circuit.  Accordingly, this case is hereby RETURNED to the United States Court of Appeals for the Fifth Circuit pursuant to its instructions.

Finally, the Court notes that, although not docketed as a separate motion, Manrique's notice of appeal requests the appointment of counsel to represent him on appeal.  (See D.E. 36 at 1.)  Manrique was determined to be financially unable to obtain an adequate defense in his underlying case and was represented throughout the proceedings by appointed counsel.  Thus, he has shown his financial eligibility for counsel.  Cf. Fed. R. App. P. 24(a)(3) (criminal defendant is entitled to proceed on appeal *in forma pauperis* without further authorization, absent a contrary statute or a certification by the district court that the appeal is not taken in good faith or he is otherwise not entitled to *ifp* status).

Additionally, although his waiver of appeal rights likely bars Manrique's appeal in this case (see D.E. 23 at ¶ 7), the Court is cognizant of Rule 44, Fed. R. Crim. P., which states that a financially qualified defendant, such as Manrique is "entitled to have counsel appointed to represent [him] at ever stage of the proceeding from initial appearance **through**

*appeal*, unless the defendant waives this right." Fed. R. Crim. P. 44 (emphasis added); see also Smith v. Robbins, 528 U.S. 259, 278 & n.10 (2000) ("Although an indigent whose appeal is frivolous had no right to have an advocate makes his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments."). Notably, Manrique has not waived his right to counsel; in fact, he seeks to enforce it through his motions. The Court thus concludes that he is entitled to appointed counsel on appeal.

In light of Manrique's complaints concerning Mr. Barrera, however, the Court concludes that a different attorney should be appointed to represent him on appeal. Accordingly, John Friesell, 4265 San Felipe, Suite 1100, Houston, Texas 77027 (713) 249-4986, is hereby appointed to represent Manrique on appeal. The Clerk is directed to provide a copy of this Order to the parties, as well as to Mr. Friesell.

ORDERED this 22nd day of October, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE